IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie J. Wells, #288363, ) | C.A. No. 4:05-432-HMH-TER |
| ) | |
| Plaintiff, ) | **OPINION and ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Henry McMaster, Attorney General for the ) | |
| State of South Carolina; Daniel E. ) | |
| Shearhouse, Clerk of the Supreme Court of ) | |
| South Carolina; Kenneth A. Richstad, Clerk ) | |
| of the Court of Appeals; David W. Harwell, ) | |
| Circuit Court Judge, Florence County; ) | |
| Connie Bell, Clerk of General Sessions and ) | |
| Common Pleas of Florence County; Hank ) | |
| Anderson; Thurmond Booker; Robert ) | |
| Wells, Asst. Chief Solicitor for the 12th ) | |
| Circuit; Edgar Clements, III, 12th Circuit ) | |
| Solicitor; and James E. Brogdon, Jr., Circuit ) | |
| Court Judge, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Freddie J. Wells, ("Wells"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Rogers recommends dismissing Wells' complaint without prejudice and without issuance and service of process. Wells filed

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

objections to the Report and Recommendation. For the reasons stated below, the court adopts the Report and dismisses Wells' action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wells is currently incarcerated at the Evans Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. Wells pled guilty on October 25, 2002, to felony driving under the influence ("DUI") resulting in death. On February 1, 2005, Wells filed the instant complaint pursuant to 42 U.S.C. § 1983.[2] Additionally, after the Magistrate Judge filed his Report, Wells wrote the court and asked for the court to subpoena documents from McCloud Hospital which allegedly support his claims.

On February 1, 2005, Wells filed a letter in which he claimed, "I sent . . . a criminal complaint to be filed against the following personal [sic] for the crime of conspiring to injure or intimidate a U.S. citizen (being myself) in the exercising of my civil rights" and also for the crime of fraud on the court. (Compl. at 1, 2.) In the letter Wells also claimed that he was being held in violation of his constitutional rights, suggesting that the indictment under which he was convicted was invalid and that he had been subjected to double jeopardy. (Id. at 2.) Magistrate Judge Rogers construed Wells' letter as a complaint brought under 42 U.S.C. § 1983, and recommended dismissing the complaint because (1) Wells cannot bring criminal charges against the defendants, and (2) Wells cannot recover damages under § 1983 if the state declines to bring criminal charges against the defendants. Wells filed objections to the Report on March 17, 2005.

---

[2]See Houston v. Lack, 487 U.S. 266 (1988).

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Wells declares that he is not seeking to file criminal charges against the defendants. Instead he seeks damages as well as immediate release from prison on the basis of the following six claims: (1) "the state and officers of the court [acted unlawfully] in conspiring to injure and intimidate a US citizen in the exercise of his civil rights"; (2) the state lacked subject matter jurisdiction to convict him due to a defective indictment; (3) the state denied him a preliminary hearing before he was convicted; (4) he has been falsely imprisoned; (5) his guilty plea was involuntary; and (6) he received constitutionally ineffective assistance of counsel at both levels of trial.[3] (Obj. at 3.)

Wells cannot recover, primarily because his "objections" are not specific objections to the Report and Recommendation. Moreover, to the extent that Wells' "objections" are an attempt to amend his complaint to add the six claims raised, Wells cannot recover on those

---

[3] Wells enumerates these six specific claims in his objections to the Magistrate Judge's Report and Recommendation. However, elsewhere in his objections, he also vaguely suggests that his due process and other constitutional rights have been violated. To the extent that Wells has attempted to allege a separate claim for denial of due process and/or other constitutional rights, the claim fails because it is conclusory. See, e.g., Kochi v. Johnson, No. 94-7327, 1995 WL 469395, at *1 n.1 (4th Cir. Aug. 9, 1995) (unpublished); Vanegrift v. Taylor, Nos. 93-6067, 93-6217, 93-6218, 93-6219, 1993 WL 281682, at *2 (4th Cir. July 28, 1993) (unpublished).

claims for three reasons: (1) he has not exhausted his administrative remedies, (2) he cannot pursue his claims under § 1983 as alleged, and (3) he cannot sue the named defendants under § 1983.

First, Wells' complaint is subject to dismissal because he has not shown that he has exhausted the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. "[D]istrict courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedies." Bowman v. Haynes, 282 F. Supp. 2d 488, 490 (N.D. W. Va. 2003), aff'd, No. 03-7116, 2004 WL 504839 (4th Cir. Mar. 16, 2004) (unpublished) (citing Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998)) (internal citation omitted). Because he has not shown that he pursued administrative remedies first, the PLRA does not permit Wells to pursue his claims under § 1983.

Second, even if Wells had exhausted his administrative remedies available to him, the individual claims fail. The first claim fails primarily because he has not alleged facts sufficient to state a claim under § 1983. Cf. Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989) ("§ 1983 complaints that recite bare legal conclusions that are wholly devoid of facts . . . or that are not supported by specific facts pleaded . . . may warrant dismissal . . . .") (internal citations omitted); see generally Weller v. Dept. of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (even though a court must view a pro se complaint with "special judicial solicitude," that "does not transform the court into an advocate," and a claim unsupported by a factual basis fails). Moreover, claims two through six are collateral attacks

on his conviction which cannot be raised in a § 1983 action, because his conviction has not been set aside, and granting relief on any of those claims would necessarily imply the invalidity of the underlying conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Third, the defendants do not appear to be subject to suit under § 1983.[4] Defendants Henry McMaster, Daniel E. Shearhouse, and Kenneth A. Richstad are all state employees and are immune from suit to the extent they are being sued in their official capacities. Ballenger v. Owens, 352 F.3d 842, 845 (4th Cir. 2003). Defendants David W. Harwell, James E. Brogdon, Jr., Connie Bell, Robert Wells, and Edgar Clements, III, are immune from suit under § 1983 for any alleged mishandling of Wells' case. See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994) ("A line of Supreme Court cases holds that judges, prosecutors, witnesses, and other actors in the judicial process are immune from § 1983 or *Bivens* liability for misfeasance of their duties.") Finally, Hank Anderson ("Anderson") and Thurmond Booker ("Booker") are not state actors subject to suit under § 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (Court-appointed attorneys are not state actors for purposes of liability under § 1983 unless the attorneys conspired with state officials. See Tower v. Glover, 467 U.S. 914, 920 (1984)). Although Wells alleges that the defendants generally conspired against him and his attorneys are named defendants, he provides no

---

[4]The court notes that Wells seems to acknowledge that only Hank Anderson and Thurmond Booker are subject to suit, while attempting to add two other defendants, the State of South Carolina and the County of Florence. (Obj. at 1-2.) As the State has not consented, Wells cannot sue South Carolina under the Eleventh Amendment to the United States Constitution. Moreover, to the extent Wells seeks to pursue a claim against the County of Florence, he has failed to allege facts sufficient to state a claim under § 1983, and claims two through six fail against the County of Florence under Heck.

factual basis for this claim.[5]  Hence, Wells' claims cannot be pursued as alleged in this § 1983 action.

Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Wells' complaint is dismissed without prejudice and without issuance and service of process.  It is further

**ORDERED** that Well's request for subpoena of documents is dismissed as moot.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
May 2, 2005

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] It is unclear whether Anderson and Booker were appointed or retained by Wells.  Like court-appointed lawyers, lawyers who have been retained generally are not state actors pursuant to § 1983, but can become liable under § 1983 by conspiring with other state actors. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).  However, Wells has not alleged facts supporting such a conspiracy.  Hence, regardless of whether Anderson and Booker were appointed or retained, they are not subject to suit under § 1983.